NO. 07-04-0110-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JANUARY 31, 2005


______________________________



BOBBY RICHARD WHITE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 64TH DISTRICT COURT OF CASTRO COUNTY;



NO. A2879-0304; HON. ROBERT W. KINKAID, JR., PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Bobby Richard White (appellant) appeals his conviction for possessing a controlled
substance, namely methamphetamine, in an amount greater than four grams but less than
200 grams. Via three issues, appellant contends that 1) the manner in which the officers
executed their search warrant was improper and 2) the evidence was legally and factually
insufficient to support his conviction. We affirm.

Issue One-Execution of the Search Warrant 


 To reiterate, appellant initially contends that the police officers who discovered the
drugs improperly executed the search warrant. They purportedly did so by failing to knock
on the door of the trailer in which appellant lived and announce their presence before
forcibly entering it. Indeed, the evidence shows that the officers broke through both the
storm and front door of the abode upon their arrival at the scene. They did not announce
their presence until they had entered. 

 At the same time the officers were entering the trailer, another group was attempting
to search a barn that was also on the property. Before entering it, however, the officers
knocked and (when no one answered) kicked on its door to make their presence known. 
Eventually, appellant, who was in the barn, opened the door. After a search of the barn
was conducted and burned foil was discovered, which the officers deemed drug
paraphernalia, the officers took appellant to the trailer. 

 At the trailer, a search was conducted of appellant's person. It resulted in the
discovery of three packets of methamphetamine. A "torch" and cigarette lighter had also
been seen to have fallen from his pocket. A search of the trailer itself uncovered marijuana
in a bedroom wherein Jamie White was found, drug paraphernalia in a nylon bag in the
kitchen, and a plastic bag containing methamphetamine in the bathroom linen closet hidden
between some towels. 

 The United States Supreme Court has recognized, as part of the Fourth Amendment
to the United States Constitution, the obligation of police officers to knock and announce
their presence before entering an abode when executing a search warrant. Richards v.
Wisconsin, 520 U.S. 385, 394, 117 S.Ct. 1416, 1421, 137 L.Ed.2d 615 (1997). Yet, the
requirement has its exceptions. It need not be satisfied if the officers have reasonable
suspicion to believe that knocking and announcing their presence, under the particular
circumstances, would be dangerous or futile or would inhibit the effective investigation of
the crime. Id.; Brown v. State, 115 S.W.3d 633, 638 (Tex. App.-Waco 2003, no pet.). 
Moreover, the standard of reasonable suspicion set by Richards is not high and must be
evaluated as of the time of the search. Id.

 Here, the record contains evidence illustrating that 1) the officers had probable
cause to believe that appellant possessed methamphetamine at the locale to be searched,
2) appellant personally consumed that drug, 3) methamphetamine caused erratic and
violent behavior, 4) the officers knew appellant possessed firearms in the trailer, and 5) the
officers announcing their presence may afford the occupant time to dispose of the
contraband. Moreover, precedent has long acknowledged the link between drugs, guns and
violent behavior. See Wilson v. State, 132 S.W.3d 695, 698 (Tex. App.-Amarillo 2004, pet.
ref'd.) (deeming as "well-settled" the nexus between drugs, weapons, and violence). So
too has the link provided basis for policemen not only to reasonably suspect that their
safety may be endangered but also for conducting pat-down searches. Id. Given this and
the evidence of record, we hold that reasonable grounds existed upon which the trial court
could have found that the officers at bar need not have knocked and announced their
presence before executing their search warrant at the trailer. Consequently, issue one is
overruled. 

Issues Two and Three - Sufficiency of the Evidence


 In his final two points, appellant contends that the evidence was both legally and
factually insufficient to link him with the methamphetamine found in the trailer. We overrule
each issue.

 That appellant had in his pockets the same drug found in the trailer (i.e.
methamphetamine), that he lived in and exercised control over the trailer, that he was
known to abuse methamphetamine, that drug paraphernalia was found not only in the barn
whereat the officers initially encountered him but also in the trailer and on his person, and
that the methamphetamine found in the trailer was in a place to which he had access (i.e.
the master bedroom) together constitute sufficient evidence upon which a rational factfinder
could reasonably conclude that appellant possessed the methamphetamine found in the
trailer. And, merely because Jamie White also was in and had joint use of the trailer when
the search occurred would not overwhelm the finding or render it manifestly unjust. Simply
put, the evidence was both legally and factually sufficient to support his conviction, as those
standards are described in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d
560 (1979), Sims v. State, 99 S.W.3d 600 (Tex. Crim. App. 2003), Zuliani v. State, 97
S.W.3d 589 (Tex. Crim. App. 2003), and King v. State, 29 S.W.3d 556 (Tex. Crim. App.
2000). 

 Having overruled each point of error, we affirm the judgment of the trial court.


 Brian Quinn

 Justice


Publish.